

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00191-CR

CHARLES DEANDRA SIMS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

## FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Charles Deandra Sims appeals his conviction for forgery. We affirm.

Two days before Christmas in 2010, appellant drove with Albert Griffith to a bank in Arlington where appellant and Griffith had accounts. Appellant placed a $674.84 check and a deposit slip for Griffith's account into one of the bank's drive-through tubes. The check was drawn on Atlas Match, LLC. The front of

---

[1]See Tex. R. App. P. 47.4.

the check designated appellant as the payee, and the back contained signatures bearing appellant's and Griffith's names. Julie Bair, who worked at the bank, recognized appellant because he had been inside the bank to discuss matters related to his account.[2] When Bair looked at the check, she believed that the payee's name on the check had been "washed" because, in part, appellant's typed name did not match another font on the check. A teller instructed appellant to enter the bank, but only Griffith did so, and appellant left the scene.

A grand jury indicted appellant with forgery.[3] At trial, appellant pled not guilty. Douglas Lamb, Atlas Match's chief operating officer, testified that he had signed the check that appellant had presented to the bank, that the check was originally made out to someone other than appellant, and that after being placed in the mail, the check had been altered without the company's permission. After listening to testimony from four witnesses (including Bair and Lamb), hearing arguments from the parties, and deliberating for less than an hour, the jury convicted appellant.

During the punishment phase of the trial, the trial court received appellant's plea of true on an enhancement allegation and heard appellant testify. The court found the enhancement allegation to be true and sentenced appellant to fifteen years' confinement. He brought this appeal.

---

[2]Bair testified that appellant's account was "scheduled to be closed due to fraudulent activity."

[3]*See* Tex. Penal Code Ann. § 32.21(b) (West 2011).

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that in his professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (analyzing the effect of *Anders*). Appellant has filed pro se responses to his counsel's brief. The State has not filed a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, we are obligated to independently examine the record and to determine whether there are arguable grounds for appeal. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). We have carefully reviewed the record, counsel's brief, and appellant's pro se responses to counsel's brief. We agree with counsel that the appeal is wholly frivolous; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

3

PER CURIAM

PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 13, 2012